UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| SANTA CRUZ COUNTY,<br><br>        Plaintiff,<br><br>    v.<br><br>RATTLESNAKE PROPERTIES, LLC, et al.,<br><br>        Defendants. | Case No. 16-CV-05010-LHK<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING AS MOOT DEFENDANT LEE'S MOTION TO QUIET TITLE**<br><br>Re: Dkt. No. 9, 11 |

      Plaintiff Santa Cruz County ("Plaintiff") sues Defendants Rattlesnake Properties, LLC ("Rattlesnake Properties") and Brian Lee ("Lee") (collectively, "Defendants") for state law causes of action arising out of Defendants' illegal grading of property in Santa Cruz, California. ECF No. 1-4 (Complaint, or "Compl."), at ¶¶ 4–5. Lee, proceeding *pro se*, removed Plaintiff's Complaint from the Santa Cruz County Superior Court to this Court on August 31, 2016. ECF No. 1 ("Notice of Removal"). Before the Court is Plaintiff's motion to remand, ECF No. 9, and Lee's motion to quiet title, ECF No. 11. The Court finds these motions suitable for decision without oral argument and hereby VACATES the motion hearings set for February 9, 2017, at 1:30 p.m. Civil L. R. 7-1(b). Having considered the submissions of the parties, the relevant law, and the record in this case, the Court hereby GRANTS Plaintiff's motion to remand. The Court accordingly DENIES AS MOOT Defendant's motion to quiet title.

1

Case No. 16-CV-05010-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING AS MOOT DEFENDANT LEE'S MOTION TO QUIET TITLE

## I. BACKGROUND

### A. Factual Background

Defendants own approximately 40 acres of property on Summit Road in Santa Cruz, California ("the Property"). Compl. ¶ 2. "During the week of June 24, 2013, [Plaintiff] received numerous calls of continued grading work on [the Property]," which was "supposed to be vacant." *Id.* ¶ 2, 4. Plaintiff obtained an administrative inspection warrant on June 28, 2013. *Id.* ¶ 5. A site inspection of the Property was conducted on July 2, 2013. *Id.* ¶ 6. During the site inspection, Santa Cruz County employees observed on the Property "at least six illegally graded pads and five framed structures built without permits." *Id.* Plaintiff posted a Notice of Violation on the Property demanding that Defendants stop all activity on the Property, but Defendants continued to illegally perform and maintain land clearing and grading and building on the Property. *Id.* ¶ 7.

### B. Procedural History

#### 1. Procedural History in State Court

On July 5, 2013, Plaintiff filed a Complaint against Rattlesnake Properties in the Santa Cruz County Superior Court. *See* Compl. Plaintiff alleged that Rattlesnake Properties, a corporation owned by Lee, violated Santa Cruz County Code §§ 16.22.160(a) and 12.10.430(a-b) by illegally performing and maintaining "land clearing and grading and building" on the Property. *Id.* ¶ 8–9. Plaintiff brought a cause of action against Rattlesnake Properties for abatement of nuisance by permanent injunction, as well as a cause of action against Rattlesnake Properties for costs and civil penalties under Santa Cruz County Code § 1.12.070. *Id.* ¶¶ 12–14.

Rattlesnake Properties, with Lee as its principal, "admitted to the illegal grading, and entered into a Stipulation Re: Preliminary Injunction that was court-ordered by the [state court judge] on July 22, 2013." ECF No. 1-22, at Ex. AP (hereinafter, the "July 22, 2013 Stipulation"). Specifically, the July 22, 2013 Stipulation required Rattlesnake Properties to "refrain from further land clearing and/or grading and/or development activity . . . pending the duration of" the instant case. *Id.* The July 22, 2013 stipulation was executed by Lee and the attorney of record for

2
Case No. 16-CV-05010-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING AS MOOT DEFENDANT LEE'S MOTION TO QUIET TITLE

Rattlesnake Properties. *Id.*

On March 7, 2014, Rattlesnake Properties, with Lee as its principal, "also entered into a Stipulation and Order Re: Grading Permit that was court-ordered." ECF No. 1-22, at Ex. AP (hereinafter, the "March 7, 2014 Stipulation"). The March 7, 2014 Stipulation "required [Defendants] to 'submit a preliminary grading application for remedial grading of the site . . . [and] complete the project and obtain final approval from the County of their grading permit before July 25, 2014.'" *Id.* The March 7, 2014 Stipulation was also executed by Lee and the attorney of record for Rattlesnake Properties. *Id.*

On May 22, 2014, Plaintiff amended the Complaint to add Lee as a Defendant. ECF No. 1-17, at Ex. AE. Moreover, Plaintiff cited Defendants for illegally cultivating medical marijuana on the Property, in violation of Santa Cruz County Code § 7.126.040(N). *See* ECF No. 1-22, at Ex. AN; ECF No. 1-33, at Ex. CK.

On May 30, 2014, the state court issued an order finding Defendants in contempt of court. ECF No. 1-17, at Ex. AF. Specifically, the state court found that "Defendants have willfully disobeyed the [July 22, 2013] Stipulation in that they recently placed additional weight on the graded cleared areas" despite the July 22, 2013 Stipulation requiring Defendants to "refrain from any development activity" on the Property "pending the duration of this case." *Id.*

On August 20, 2014, the state court also issued an order finding Defendants in contempt of court for willfully disobeying the March 7, 2014 Stipulation. ECF No. 1-22, at Ex. AP. Specifically, Defendants had "failed to submit a sufficient application for a grading permit and obtain final approval by July 25, 2014," as required by the March 7, 2014 Stipulation. *Id.*

On January 8, 2015, the state court found that Lee had "removed his personal property from the subject property" in compliance with the state court's order. ECF No. 1-29, at Ex. BX. Further, the state court ordered that Lee "install emergency erosion control on the subject property" on or before January 16, 2015. *Id.* The state court also ordered Lee to submit "a re-vegetation and grading plan" that addressed the deficiencies identified by Plaintiff. *Id.*

On July 9, 2015, Lee submitted a re-vegetation permit application and a grading application, which were conditionally approved by Plaintiff. *See* ECF No. 1-34, at Ex. CO. Lee was issued a grading permit on November 4, 2015. ECF No. 1-34, at Ex. CS.

On August 5, 2016, Plaintiff moved in state court for code enforcement costs, attorney's fees, and civil penalties. ECF No. 1-38, at Ex. DC. According to Plaintiff, the Plaintiff's motion for costs, attorney's fees, and civil penalties "was set to be heard [in state court] on September 1, 2016." ECF No. 11, at 4.

**2. Procedural History in This Court**

On August 31, 2016, Lee filed in this Court a Notice of Removal. *See* Notice of Removal. Lee's Notice of Removal stated that "[o]n August 5, 2016, plaintiff served defendant with his fees Motion in this case and the case has now become removable." *Id.* at 1. Lee asserted that this Court had original jurisdiction over the complaint "under 28 U.S.C. section 1331." *Id.* at 2. Lee further cited 28 U.S.C. §§ 1442 and 1444 as grounds for this Court' jurisdiction. *Id.*

On October 7, 2016, Plaintiff filed a motion to remand this action to state court, arguing that this Court did not have subject matter jurisdiction over Plaintiff's state court complaint. ECF No. 11 ("Mot. to Remand"). On October 20, 2016, Lee filed a response in opposition. ECF No. 13 ("Opp."). Specifically, Lee asserted that federal jurisdiction was proper because Lee was relying on the 1848 Treaty of Guadalupe Hidalgo, as well as Lee's possession of a federal land patent. Opp. at 3–4. On October 28, 2016, Plaintiff filed a reply in support of its motion to remand. ECF No. 15 ("Pl. Reply").

On October 12, 2016, Lee filed a motion to quiet title, asserting that his "ownership of the Property has its origin in a provisional Mexican Land Grant." ECF No. 11. On October 26, 2016, Plaintiff filed a response to Defendant's motion, asserting that a motion to quiet title "does not exist" and that Lee must rather "initiate an action to quiet title by a complaint." ECF No. 14, at 2–3. On November 1, 2016, Lee filed a reply. ECF No. 16.

**II.     LEGAL STANDARD**

4

Case No. 16-CV-05010-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING AS MOOT DEFENDANT LEE'S MOTION TO QUIET TITLE

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005). If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c).

The party seeking removal bears the burden of establishing federal jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 1009). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

### III. DISCUSSION

Lee's Notice of Removal states that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1442, and 1444. Plaintiff argues that, under any basis, this Court does not have subject matter jurisdiction over this case. For the reasons discussed below, the Court agrees with Plaintiff that this Court does not have subject matter jurisdiction.

#### A. This Court Does Not Have Federal Question Jurisdiction Under § 1331

First, this Court does not have federal question jurisdiction over this matter. Under 28 U.S.C. § 1331, federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treatises of the United States." Federal question jurisdiction "is determined (and must exist) as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). Removal pursuant to § 1331 is governed by the "well-pleaded complaint rule," which provides that federal question jurisdiction

exists only when "a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392.

Lee has made no such showing here. Plaintiff's Complaint states that Defendants are in violation of Santa Cruz County Code §§ 16.22160(a) and 12.10.430(a-b), and Plaintiff's Complaint asserts causes of action only for "abatement of nuisance by injunction" and costs and civil penalties under Santa Cruz County Code § 1.12.070. *See id.* Thus, Plaintiff's state court Complaint does not assert any claim that arises under federal law. *See* Compl. ¶¶ 1–13.

In his opposition to Plaintiff's motion to remand, Lee contends that jurisdiction is proper under § 1331 because Lee "is relying [on] the 1848 Treaty of Guadalupe Hidalgo." Opp. at 2. Lee does not clarify his basis for relying on the 1848 Treaty of Guadalupe Hidalgo. However, "[w]hether construed as a counterclaim or as a defense," Lee's reliance on the 1848 Treaty of Guadalupe Hidalgo does not confer this Court with subject matter jurisdiction under 28 U.S.C. § 1331. *JP Morgan Chase Bank, N.A. v. Worrell*, 2013 WL 12173938, at *3 (N.D. Cal. July 31, 2013). "[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense." *Caterpillar*, 482 U.S. at 393. Moreover, "a federal counterclaim, even when compulsory, does not establish 'arising under' jurisdiction." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). Rather, in determining whether removal is proper, "the Court must look only to the face of plaintiff's properly pleaded complaint." *Bank of New York Mellon v. Hong Xuan Vo*, 2015 WL 662221, at *2 (N.D. Cal. Feb. 12, 2015) (finding no federal question jurisdiction because the plaintiff asserted only state law causes of action and, under the well-pleaded complaint rule, the Defendant's federal counterclaims were insufficient to invoke federal question jurisdiction). Accordingly, Lee's reliance on the 1848 Treaty of Guadalupe Hidalgo is insufficient to confer federal subject matter jurisdiction over Plaintiff's state law claims. *See Wachovia Mortg. FSB v. Guancione*, 2010 WL 55883, at *1 (N.D. Cal. Jan. 4, 2010) (rejecting, pursuant to the well-pleaded complaint rule, defendants' argument that federal question jurisdiction existed because defendants own a land patent under the Treaty of Guadalupe Hidalgo).

Lee also relies upon "his possession of a [Bureau of Land Management] certified copy of a land patent" as a basis for federal jurisdiction. *See* Opp. at 2. However, "[f]ederal land patents . . . do not provide bases for federal question jurisdiction." *Virgin v. Cty. of San Luis Obispo*, 201 F.3d 1141, 1143 (9th Cir. 2000) (quoting *Shulthis v. McDougal*, 225 U.S. 561, 569–70 (1912) ("A suit to enforce a right which takes its origin in the laws of the United States is not necessarily, or for that reason alone, one arising under those laws . . . . This is especially so of a suit involving rights to land acquired under a law of the United States. If it were not, every suit to establish title to land in the central and western states would so arise, as all titles in those states are traceable back to those laws.")); *see also Modena v. Modena*, 2008 WL 4756031, at *3 (W.D. Mich. Oct. 22, 2008) ("[P]laintiff seeks to invoke the subject-matter jurisdiction of this court merely because his interest in real estate is traceable to a federal land patent. It has been clear for almost 100 years that this is insufficient to create federal-question jurisdiction."). As the Ninth Circuit has recognized in other cases in which a defendant has attempted to assert federal question jurisdiction on the basis of the existence of a federal land patent, "whatever the extent of [the defendants'] possessory rights to that property, [they] must vindicates those rights in the state courts." *Virgin*, 201 F.3d at 1145 (quoting *Landi v. Phelps*, 740 F.2d 710, 713–14 (9th Cir. 1984)); *see also Brainard v. Willmon*, 2010 WL 3768140, at *5 (E.D. Cal. Sept. 22, 2010) ("[W]ell-established Supreme Court and Ninth Circuit precedent make clear that federal land patents do not confer federal question jurisdiction."). The same is true here.

**B.     The Court Does Not Have Jurisdiction Under § 1442**

Lee's Notice of Removal also cites 28 U.S.C. §1442 as a basis for removal. *See* Notice of Removal at 2. Section 1442 provides for removal in cases brought against federal officers. *See* 28 U.S.C. § 1442. For example, the statute provides for removal in cases against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office . . ." or "[a] property holder whose title is derived from any such officer, where such

7

Case No. 16-CV-05010-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING AS MOOT DEFENDANT LEE'S MOTION TO QUIET TITLE

action or prosecution affects the validity of any law of the United States." *Id.* (a)(1)-(2).

Lee does not assert, and the record provides no reason to suggest, that Lee is an officer of the United States. Rather, Lee argues that federal jurisdiction is proper under § 1442 because Defendant is "[a] property holder whose title is derived from" a federal officer. *See* § 1442(a)(2). Specifically, Lee asserts that the federal land patent that he owns "is signed by President Benjamin Harrison." Opp. at 3–4.

Lee's reliance on his federal land patent is insufficient to invoke federal jurisdiction under § 1442. Even assuming that Lee is "[a] property holder whose title is derived from" a federal officer, Lee has provided no reason to believe that this "action or prosecution affects the validity of any law of the United States," as required by § 1442. *See* 28 U.S.C. § 1442(a)(2). As discussed above, Ninth Circuit case law makes clear that "[f]ederal land patents do not transform a property dispute into a matter of federal concern once the conveyance is made." *See Rector v. New York Bank of Mellon*, 2014 WL 631955, at *3 (citing *Virgin*, 201 F.3d at 1143); *Cty. of Sonoma v. Bisso*, 1998 WL 798896, at *3 (N.D. Cal. Nov. 9, 1998) (rejecting a defendant's argument that federal jurisdiction existed because "the property at issue was originally owned by the federal government . . . and was ceded to his predecessors in interest through a federal land patent"); *see also Corrigan v. Leclair*, 206 F. App'x 771, 772 (10th Cir. 2006) ("A federal land patent does not confer federal jurisdiction over any legal dispute that touches the land."). Again, Lee's invocation of a federal land patent does not confer federal jurisdiction over the state law claims at issue in this suit. This Court does not have jurisdiction on the basis of § 1442.

**C.    The Court Does Not Have Federal Jurisdiction Under § 1444**

Lastly, Lee relies on § 1444 as a basis for removal. *See* Opp. at 4. Section 1444 provides that "[a]ny action brought under § 2410 of this title against the United States in any State court may be removed by the United States to the district court of the United States for the district and division in which the action is pending." Section 2410 provides, in turn, that "the United States may be named a party in any civil action . . . to quiet title to . . . real or personal property on which

Case No. 16-CV-05010-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING AS MOOT DEFENDANT LEE'S MOTION TO QUIET TITLE

the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410(a)(1).

Section 1444 does not provide federal jurisdiction over the state law issues involved in Plaintiff's complaint. Lee is an individual, not the United States, and the United States is not involved as a party in this action. *See* 28 U.S.C. § 2410(a)(1). Moreover, Lee does not assert, and the record provides no reason to believe, that the property at issue in this action is "real or personal property on which the United States has or claims a mortgage or other lien." *See* 28 U.S.C. § 2410(a)(1). Accordingly, this Court does not have jurisdiction over this matter pursuant to § 1444.[1]

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion to remand the case to the California Superior Court for the County of Santa Cruz. Accordingly, the Court DENIES AS MOOT Lee's motion to quiet title.

**IT IS SO ORDERED.**

Dated: February 3, 2017

_____
LUCY H. KOH
United States District Judge

---

[1] Moreover, even assuming that this Court had jurisdiction under any of the statutes described above, Lee's Notice of Removal would nonetheless be improper because the time window for removing this action had long expired by the time that Lee removed this action to this Court. Specifically, 28 U.S.C. § 1446(b)(1) states that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." This action was originally filed in state court on July 5, 2013, over three years prior to the date that Lee removed this case on August 31, 2016. Plaintiff's amended complaint was filed on May 30, 2014, over two years prior to the date that Lee removed this case. Lee asserts in his opposition to Plaintiff's motion to remand that Lee was never properly served in this case, and thus his removal was timely on "the eve of a potentially dispositive hearing" on Plaintiff's motion for attorney's fees and costs. Opp. at 7. As Plaintiff contends, however, Lee has "provide[d] no evidence in support of his allegation that he was not personally served the Summons and Complaint" and Lee in fact appeared in state court in the instant case on several occasions over the past three years. *See, e.g.*, ECF No. 1-27, at Ex. BI.